```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**WILLIAM HAMPTON,**

             **Petitioner,**

      **v.**                        **CASE NO. 11-3201-RDR**

**LISA HOLLINGSWORTH,**

             **Respondent.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL).[1] Having examined the materials filed, the court finds as follows.

**FILING FEE**

Mr. Hampton has not satisfied the filing fee prerequisite. In order to proceed in this action, he must either pay the filing fee of $5.00 or submit a motion for leave to proceed in forma pauperis (IFP). 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action IFP submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Petitioner will be given time to pay the fee or submit a properly supported IFP motion. If he fails to satisfy the filing fee requirement within the allotted

---

[1] Mr. Hampton has incorrectly designated his custodian as the plaintiff in this case and himself as the defendant. The correct designation is himself as petitioner and his custodian as respondent, and is reflected on the docket.

time, this action may be dismissed without prejudice and without further notice.

**FACTUAL BACKGROUND AND CLAIMS**

As the factual basis for his Petition, Mr. Hampton alleges as follows. On March 15, 2007, he was arrested by the State of Missouri, presumably on state charges. He was later charged in federal court based upon his possession of a firearm during the arrest, and eventually taken into federal custody and prosecuted for felon in possession of a firearm in the United States District Court for the Eastern District of Missouri (<u>U.S. v. Hampton</u>, Case No. 07-CR-00245-JCH). He was found guilty and sentenced to 41 months in federal custody. He alleges that "[at] the federal sentencing, the court left the matter of consecutive or concurrent up to the state of Missouri, in which sentence was still pending."

Mr. Hampton was thereafter sentenced in Missouri state court to a seven-year term, which he alleges was ordered by the state judge to run concurrent to his federal sentence. The U.S. Marshal's office was contacted but did not come to take petitioner into federal custody. He was sent instead to the Missouri Department of Corrections, where he completed service of his state sentence. He was then taken into federal custody and is currently serving his federal sentence.

Petitioner complains that he has been made to serve his federal sentence consecutive to his completed state sentence, rather than concurrently as ordered by the state judge. He contends that the start date of his federal sentence should be the date of his arrest, March 15, 2007. Instead, the Bureau of Prisons (BOP) has calculated

his start date as January 6, 2010, which was after completion of his state sentence.  Petitioner argues based upon his contention as to the proper start date, that his release date should have been April 15, 2011, rather than the full time release date calculated by the BOP as June 5, 2013.  Based on these facts and contentions, he asserts that the BOP has "wrongfully calculated" his release date and that he is entitled to immediate release from illegal confinement.

**DISCUSSION**

The court finds that this petition is subject to being dismissed for the following reasons.  First, petitioner does not allege or show that he fully and properly exhausted prison administrative remedies prior to filing this action in federal court.  It has long been established that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the BOP and federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986); see also Carmona v. U.S. BOP, 243 F.3d 629, 634 (2nd Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986).  Administrative exhaustion is generally required for three valid reasons: (1) to allow the agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the agency to grant the relief requested, which conserves judicial resources; and (3) to provide the agency the opportunity to correct its own errors, which "fosters administrative autonomy."  See

Moscato v. Federal BOP, 98 F.3d 757, 761-62 (3rd Cir. 1996).  In order to have fully exhausted, petitioner must have raised claims on administrative appeal[2] that are identical to those he now presents in this federal habeas corpus Petition

Secondly, the facts alleged in the Petition, accepted as true, fail to state a claim for federal habeas corpus relief.  28 U.S.C. § 2241(c)(3) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ."  Since Mr. Hampton was arrested by state authorities on state charges, the State of Missouri had primary custody.  His having been thereafter temporarily taken into federal custody for trial on a federal charge, presumably by writ of habeas corpus ad prosequendum, did not interrupt the State's primary custody.  Thus, federal authorities were not required at that time to retain him in custody for service of his federal sentence.  Instead, they properly returned Mr. Hampton to the authority with primary custody.

Furthermore, as long as Mr. Hampton received credit on his state sentence for time served in state prison, he is not entitled by the U.S. Constitution or federal law to credit for the same time toward his federal sentence, which was not designated as consecutive by the federal judge.  "Title 18 U.S.C. § 3585 determines when a

---

[2] The BOP provides a three-level Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  First, an inmate must attempt informally to resolve the issue with institutional staff.  28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden. 28 C.F.R. § 542.14.  Next, an inmate may appeal an adverse decision to the Regional Director. 28 C.F.R. § 542.15(a).  Finally, the inmate may appeal to the BOP's Central Office.  Id.  No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office.  Id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

4

federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." Reno v. Koray, 515 U.S. 50, 55 (1995). The Tenth Circuit has instructed that "[t]he computation of a federal sentence requires consideration of two separate issues." Binford v. U.S., 436 F.3d 1252, 1254 (10th Cir. 2006). First, under § 3585(a), the commencement date of the federal sentence must be determined.[3] Weekes v. Fleming, 301 F.3d 1175, 1179 (10th Cir. 2002)(The "first task is to determine when [the petitioner's] federal sentence actually commenced."), cert. denied, 537 U.S. 1146 (2003). Section 3585(a) provides:

> Commencement of sentence.  -A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Id.   Second, pursuant to § 3585(b), a separate determination is made of the credit to which a defendant is entitled for time spent in custody prior to the date he commenced service of his federal sentence.  Section 3585(b) pertinently provides:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>     (1) as a result of the offense for which the sentence was imposed; or
>
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

---

[3]   "[A] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." See Binford, 436 F.3d at 1254-55. Thus, petitioner's assertion that his federal sentence began upon his arrest by state authorities is simply incorrect.

5

that has not been credited against another sentence. Id.

Mr. Hampton does not allege facts showing his entitlement to "credit for prior custody" under either provision of this statute. In addition, under 18 U.S.C. § 3584, "[m]ultiple terms of imprisonment imposed at different times will normally run consecutively," absent an affirmative order of the federal sentencing court that they be served concurrently. See U.S. v. Williams, 46 F.3d 57, 59 (10th Cir. 1995)(affirming the district court's authority to order that petitioner serve his federal sentence consecutively to a state court sentence not yet imposed); Cathcart v. U.S. BOP, 211 F.3d 1277, at *2 (10th Cir. May 4, 2000)(Table)("Because the federal court did not include an affirmative order regarding concurrent sentences, the sentences run consecutively.").[4] Thus, contrary to petitioner's argument, § 3584 creates a presumption that sentences imposed separately run consecutively, absent contrary language in the federal court sentencing order.

Furthermore, it is well-settled that a federal prisoner is not entitled to receive "double credit" against his federal sentence for time already credited toward a state sentence, when the federal sentencing order does not provide for such credit. See U.S. v. Wilson, 503 U.S. 329, 337 (1992)(In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time."); Weekes, 301 F.3d at 1178 (Petitioner "received credit against his state sentence for all the time served

---

[4] Unpublished opinions cited herein are not cited as binding precedent, but as persuasive authority only, in accord with Tenth Circuit Rules.

prior to the date his federal sentence commenced . . . . [and he] is not entitled to pre-sentence credit under § 3585(b)."); Cathcart, 211 F.3d 1277, at *2 (affirming district court's dismissal of habeas petition on ground that § 3585(b) prohibited petitioner from receiving credit for time served in federal custody where that time had been credited to his state sentence).

The fact that the state court ordered petitioner's state sentence to run concurrent to his previously-imposed federal sentence does not render the foregoing authority inapplicable. As the Tenth Circuit has explained in factually similar cases, "[a]lthough [petitioner's] state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence," which presumptively runs consecutively to, not concurrently with, the state sentence. U.S. v. Eccleston, 521 F.3d 1249, 1254 (10th Cir.), cert. denied, 555 U.S. 958 (2008); Bloomgren v. Belaski, 948 F.2d 688, 690-91 (10th Cir. 1991)(Bloomgren not entitled to credit on his federal sentence for time spent incarcerated on the state charges even though he served his federal sentence after his state sentence, rather than serving them concurrently as anticipated by the state court.); Carroll v. Peterson, 105 Fed.Appx. 988, 990 (10th Cir. 2004)(unpublished)(BOP was within its discretion in denying inmate's request for a nunc pro tunc order designating state prison as his place of confinement which would have allowed state and federal sentences to run concurrently, where federal sentencing judge was silent as to whether state and federal charges would run concurrently.); Thomas v. Ledezma, 341 Fed.Appx. 407, 412-13 (10th Cir. 2009); see also Reynolds v. Thomas, 603 F.3d 1144, 1149 (9th

7

Cir. 2010)("[C]concurrent sentences imposed by state judges are nothing more than recommendations to federal officials.")(citing Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2002), cert. denied, 537 U.S. 1119 (2003)).

Petitioner does not dispute that he received credit on his state sentence for the time he was incarcerated in the custody of the State of Missouri. It is also undisputed that the sentencing judge in United States District Court did not order that Mr. Hampton's federal sentence be served concurrently with any future state sentence. Absent such an order, the BOP could have properly determined that petitioner's federal sentence was to be served consecutively to his state sentence. See Miller v. Scibana, 260 Fed.Appx. 80 (10th Cir. 2008)(unpublished)(BOP denial of petitioner's request for a nunc pro tunc concurrent designation of his federal and state sentences proper where federal court did not indicate whether the federal and state sentences should run consecutively or concurrently). Since Mr. Hampton was returned to the State of Missouri authorities for sentencing on the state charges and apparently received credit against his state sentence for time served, he states no claim for federal habeas corpus relief.

From the foregoing, the court finds that Mr. Hampton has failed to allege facts demonstrating that BOP officials have incorrectly calculated the start date and prior custody credit of petitioner's federal sentence. Petitioner is given time to show cause why this action should not be dismissed for failure to show exhaustion and for failure to state a claim. If he fails to adequately respond within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to either pay the filing fee or submit a motion to proceed without prepayment of fees, and to show cause why this action should not be dismissed for failure to exhaust and for failure state a claim for federal habeas corpus relief.

The clerk of the court is directed to transmit forms for filing an IFP Motion to petitioner.

**IT IS SO ORDERED.**

**DATED:**  This 12th day of January, 2012, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge
